

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | |
|---|---|
| In re: | Case No. 23-12670-NVA |
| KRISTIN ANN TKACH PELGRIM, | Chapter 7 |
| Debtor. | |

### OPINION ADDRESSING THE FILING OF EXTRANEOUS, IRRELEVANT, AND/OR VEXATIOUS PAPERS BY THE DEBTOR AND <u>IN SUPPORT OF ORDER STRIKING FILING</u>

This chapter 7 bankruptcy case was filed on April 18, 2023 by a *pro se* debtor who has since then filed an unrelenting stream of papers, a substantial percentage of which are indecipherable and immaterial to the issues at hand, frequently contain nonsensical citations and references to biblical passages, and which often append copies of the United States Constitution and Bill of Rights.[1]  Alarmingly, some of the debtor's papers contain baseless and vexatious demands against the Chapter 7 Trustee, the United States Trustee, and members of the Clerk's office.

Except for the debtor's filings, this would appear to be a relatively non-complex case

---

[1] The nature of the debtor's pleadings, arguments, and demeanor in Court have characteristics of the so-called "Sovereign Citizen" movement.  For example, the debtor states she has trademarked her name, she declines to recognize jurisdiction vested in the Court, she has filed an adversary proceeding against the Chapter 7 Trustee and the Judge, and she has referred on the record to ongoing matters as the proceedings of a "kangaroo court."  For a description of the Sovereign Citizen movement, *see e.g.*, *A Quick Guide to Sovereign Citizens*, UNC SCHOOL OF GOVERNMENT (Nov. 2013), https://www.sog.unc.edu/sites/www.sog.unc.edu/files/Sov%20citizens%20quick%20guide%20Nov%2013.pdf.

involving a consumer debtor and a mortgagee seeking to foreclose due to alleged non-payment by the debtor. In this case, however, the docket now exceeds three hundred entries, including filings by surrogates of the debtor, and filings by the Chapter 7 Trustee and the United States Trustee whose responses have been necessitated by debtor's abundant filings. *See*, *e.g.*, *infra* notes 2, 6.

The time has come for the Court to address the debtor's inappropriate filings, and the necessity to strike these documents from the record.[2] The debtor's current pleading presents that opportunity.

## The Instant Pleading

Now before the Court is a document filed by the debtor titled "*Mandatory Judicial Notice of Law Primary Contract*." [ECF No. 272]. This document is nearly identical to a filing

---

[2] The Court already has found that among the litany of documents which do not request cognizable relief, are some that were sufficiently threatening or harassing to members of the Court, the Clerk of Court, and the Chapter 7 Trustee's office to warrant being stricken from the record. *See Memorandum of Instructions to Trustee* [ECF No. 43] (styled as an "Order for Settlement for accord and Satisfaction of Administrative Charges" and alleging state and federal crimes relating to identity theft with multiple references to biblical passages); *Certificate of Trust for Kristin Ann Tkach Pelgrim Bankruptcy Estate 23-12670-NVA* [ECF No. 53] (purporting to provide the powers of the bankruptcy trust and to establish a "Fee Schedule for Trespass and Breach of Trust to All Appointed Trustees, Fiduciaries, and any Third-Parties" for possible damages of up to $10,000,000.00, and attaching a United States District Court for the District of Maryland Standing Order 2017-1 titled "In re: Deposit and Investment of Registry Funds" and Department of the Treasury Internal Revenue Service Form 56 directed to the Targeted Parties); *Motion and Judicial Notice to Remove the Appointed to the Panel Chapter 7 Trustee* [ECF No. 161] (filed by Third Party Michael E. Seebeck and requesting to remove the Chapter 7 Trustee from the panel of trustees and to recognize the authority of Michael E. Seebeck as the trustee of the bankruptcy estate and attorney in fact); *Motion and Notice to Remove the Appointed Panel Chapter 7 Trustee* [ECF No. 162] (filed by the debtor and requesting to remove the Chapter 7 Trustee from the panel of trustees and requesting discharge of the debtor's debt); *Mandatory Judicial Notice of Trustee Acknowledgement and Description of Beneficial Interest* [ECF No. 199]; *Judicial Notice of Filing Status of Notice of Default Affidavit of Obligation* [ECF No. 264] (attaching a document titled "Filing Status of Notice of Default and Entry" which contends that affidavits containing allegations regarding civil and criminal penalties did not receive objection or response and are therefore to be given "full faith and credit," and further attaching, in part, previously stricken materials from docket entries 53 and 234 regarding the Targeted Parties' default and liability for penalties and fines); *Judicial Notice of Primary Contract* [ECF No. 233] (containing allegations, among others, of wire fraud and tampering with a witness and stating "[s]ilence is acquiescence by all public officials acting as servants and trustees of the American people."); *Mandatory Judicial Notice of Affidavit of Obligation Filing* [ECF No. 234] (attaching a document titled Affidavit of Obligation that alleges a panoply of civil and criminal allegations culminating in a demand for $10,000,000.00 in damages from the Targeted Parties and further attaching a document titled "International Commercial Lien," archival copies of the United States Constitution and the Bill of Rights, a Fee Schedule for "FINES (DAMAGES) CAUSED BY CRIMES BY GOVERNMENT OFFICERS," a Certificate of Trust for Kristin Ann Tkach Pelgrim Bankruptcy Estate 23-12670, and "COL Violation Letter[s]" directed to the Targeted Parties).

previously stricken by this Court on January 9, 2024. *See* [ECF No. 233]. The Court determined that the previously-stricken filing did not request any relief cognizable under the Bankruptcy Code[3] and appeared to be extraneous and irrelevant to this bankruptcy case. The debtor made baseless and unsubstantiated civil and criminal allegations against the presiding Judge, the Chapter 7 Trustee assigned to this case and his legal counsel, and the United States Trustee (collectively referred to as the "Targeted Parties").[4] *See* [ECF No. 272]. The instant nearly-identical pleading bears those characteristics. In addition, the debtor continues to file voluminous papers that contain redundant, immaterial, and frequently harassing allegations, filled with complaints of wrongdoing unsupported by any factual basis or legal theory. For the reasons stated herein, the Court determines that it has the power, authority, and jurisdiction to strike such filings from its docket, and that it is appropriate to strike the "*Mandatory Judicial Notice of Law Primary Contract*."

## JURISDICTION

The Court has jurisdiction over this proceeding under 28 U.S.C. § 1334.[5] Under 28

---

[3] 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

[4] The filing accuses "all prior and current public officials, Charles R. Goldstein, Angela Shortall, Charles Goldstein, Resident Agent, 3Cubed Advisory Services LLC., Whiteford, Taylor, & Preston LLP, and Whiteford, Brent C. Strickland, Stephen B. Gerard, Hugh M. Bernstein, and Gerard R. Vetter, and Nancy V. Alquist" of "originating petitions and orders to convert the shelter into a commercial contract, convert the bankruptcy case from a no asset to an asset for personal financial gain and profit, misrepresenting, negligent, conflicts of interest, honest service wire fraud, tampering with a witness, breach of fiduciary role, breach of estate and trust, obstruction of justice, due process violations, and breaching the terms and conditions of the contract in a foreign country . . ." [ECF No. 272].

[5] The district courts, and by referral bankruptcy courts, have original and exclusive jurisdiction over all cases under title 11 and original, but not exclusive, jurisdiction over all civil proceeding "arising under" the Bankruptcy Code, "arising in" the Bankruptcy Code, or "related to" a case under title 11. 28 U.S.C. § 1334(b). Controversies "arise in" title 11 when they "have no existence outside of the bankruptcy." *In re Air Cargo, Inc.*, 401 B.R. 178, 185 (Bankr. D. Md. 2008) (cleaned up). Claims "arise under" title 11 if the claims "clearly invoke substantive rights created by bankruptcy law." *Id*. The Fourth Circuit has adopted the *Pacor* test for determining whether a civil matter is related to a bankruptcy case, which explains that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 309 (1995) (examining the "related to" jurisdiction of bankruptcy courts and

3

U.S.C. § 157(a) and its Local Rule 402, the United States District Court for the District of Maryland has referred the bankruptcy case to this Court. Section 1334(e) of title 28 further provides that, as of the commencement of the case, the district court, and by referral the bankruptcy court, has exclusive jurisdiction of all property of the debtor and all property of the estate. *See* 28 U.S.C. § 1334(e); *see also Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 362 (2006) ("Bankruptcy jurisdiction, at its core, is *in rem*."); *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 448 (2004) ("A bankruptcy court's *in rem* jurisdiction permits it to determine all claims that anyone, whether named in the action or not, has to the property or thing in question.") (cleaned up).

Many of the debtor's filings include conclusory statements that this Court lacks jurisdiction over the proceeding. All of the matters heard by the Court to date have "arisen in" the debtor's bankruptcy case, invoking the Court's jurisdiction under § 1334. *See*, *e.g.*, *In re Sterling Optical Corp.*, 302 B.R. 792, 801 (Bankr. S.D.N.Y. 2003) (matters involving the enforcement or construction of a bankruptcy court order are proceedings arising in title 11); *In re A.H. Robins Co., Inc.*, 86 F.3d 364 (4th Cir. 1996) (a motion for relief from stay is a proceedings arising in title 11); *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003) (debtor's malpractice action against professional retained by court order arises in the bankruptcy case); *In re Allnutt*, 220 B.R. 871, 885 (Bankr. D. Md. 1998) (suit against purchaser of debtor's property claiming an interest in such property arises in the case).

Core proceedings are "those matters integral to the core bankruptcy function of restructuring debtor-creditor rights, including all necessary aspects of a bankruptcy case." *Edgcomb Metals Co. v. Eastmet Corp.,* 89 B.R. 546. 548 (D. Md. 1988). The claims heard in

---

finding "the issue whether respondents are entitled to immediate execution on the bond against Northbrook is at least a question "related to" Celotex's bankruptcy").

4

this bankruptcy case, and particularly those relating to the motion for relief from stay and the debtor's claim of exemptions, have been "core proceedings" under 28 U.S.C. § 157(b)(2), specifically including: all matters concerning the administration of the estate; the allowance or disallowance of claims against the estate or exemptions from property of the estate; orders to turn over property of the estate; motions to terminate, annul, or modify the automatic stay; determinations as to the dischargeability of particular debts; and objections to discharges. *See* 28 U.S.C. § 157(b)(2)(A), (B), (E), (G), (I), (J), and (O); *see also*, *e.g.*, *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) (orders modifying or annulling the automatic stay are core proceedings arising in and under the Bankruptcy Code); *In re Huff*, 343 B.R. 136 (W.D. Pa. 2006) (determining exemptions is a matter that affects the adjustment of the debtor/creditor relationship under § 157(b)(2)(O)).

## BACKGROUND

The debtor filed this case under Chapter 7 of the Bankruptcy Code on April 18, 2023. [ECF No. 1].  Less than a month later, on May 10, 2023, a mortgage holder for real property owned and scheduled by the debtor filed for relief from the automatic stay. *See Motion Seeking Relief from Automatic Stay as to the Property Known as 7021 Southmoor Street, Hanover, MD 21065* [ECF No. 32]; *see also* Schedule A/B [ECF No. 26]; Amended Schedule A/B [ECF No. 96]. A hearing was held on the motion for relief from stay and the debtor's objections on August 24, 2023, and an *Order Granting Motion of M&T Bank [ECF No. 32] Seeking Relief from the Automatic Stay as to 7021 Southmoor Street, Hanover, MD 21076 and Allowing the Chapter 7 Trustee the First Right to Sell* (the "*Order Granting Relief from the Automatic Stay*") was entered on September 1, 2023. *See* [ECF Nos. 99, 102]. Since that date, the debtor has filed an unrelenting stream of documents – some relevant and some entirely immaterial to this

bankruptcy case – and has opposed every action taken by the Chapter 7 Trustee to administer the case. This is particularly clear in the context of the real property that is the subject of the *Order Granting Relief from the Automatic Stay* and the Chapter 7 Trustee's attempts to gain access to the real property to determine if there is equity that could be liquidated for the benefit of the unsecured creditors. The debtor first filed for reconsideration of the *Order Granting Relief from the Automatic Stay* and appealed its denial, moved to vacate the order compelling access to real property – and *then* moved for the disqualification of the presiding Judge,[6] removal of the Chapter 7 Trustee from the panel of trustees, and attacked without substantiating proof the authority of every individual involved in this bankruptcy case, from the presiding Judge to the creditors filing proofs of claim. *See*, *e.g.*, [ECF Nos. 121, 124, 126, 130, 133, 134, 135, 136, 137, 155, 156, 157, 158, 159, 162, 163, 174, 175, 179, 189]. These issues have been heard at each of three hearings held in this case. *See* [ECF Nos. 99, 126, 253].

The debtor's filings increased with the involvement of third parties that the debtor authorized as either attorneys in fact or purported "trustees" of the "Kristin Ann Tkach Pelgrim Bankruptcy Estate" – namely Michael E. Seebeck, Abdul Hakeem Ali, and Peri Similien LLC (collectively referred to as "Third Parties").[7] In addition to the volume of filings by the debtor

---

[6] This request was denied at a September 14, 2023 hearing. [ECF Nos. 126, 130]; *see also* 28 U.S.C. § 455(a) (A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *Rice v. McKenzie,* 581 F.2d 1114, 1116 (4th Cir. 1978) (Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial.); *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

[7] *See Notice of Appearance and Request for Notices* [ECF No. 117]; *Emergency Motion to Attend the September 14 2023 Hearing Via Zoom Video* [ECF No. 118]; *Motion and Judicial Notice to Remove the Appointed to the Panel Chapter 7 Trustee* [ECF No. 161]; *Motion to Dismiss and Oppose Chapter 7 Trustee's Application for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Special Litigation Counsel* [ECF No. 171]; *Respond in Opposition to Notice of Opportunity for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Special Litigation Counsel* [ECF No. 172]; *Mandatory Judicial Notice to All Parties – Formal Trustee to the Kristin Ann Tkach Pelgrim Bankruptcy Estate* [ECF No. 183]; *see also Amended Notice of Appearance and Request for Notices* [ECF No. 193]; *Change of Mailing Address* [ECF No. 194]; *Mandatory Judicial Notice to All Parties – Amended Formal Trustee to the Kristin Ann Tkach Pelgrim Bankruptcy Estate* [ECF No. 198]; *Mandatory Judicial Notice of Estoppel* [ECF No.

and the Third Parties, the character of the pleadings quickly veered into threatening and harassing allegations against members of the Court, the Clerk of the Court, and the Chapter 7 Trustee's office.[8]  The Court heard argument and testimony from the parties on these issues in connection with the hearing held on January 12, 2024 on the *Chapter 7 Trustee's: (I) Omnibus Objection to Certain Pleadings and (II) Motion for Sanctions Against Debtor, Michael Seebeck, Abdul Hakeem Ali, and Peri Similien LLC, Including Imposition of Prefiling Injunction* [ECF No. 201].  Prior to this hearing, the Court *sua sponte* struck multiple extraneous, irrelevant, and/or abusive pleadings in an exercise of control over its docket and to maintain the order and decorum of the Court.  See [ECF Nos. 69, 229, 240, 241, 245, 246, 247, 248, 249, 268].  The debtor appealed some of these actions by the Court.  *See* [ECF Nos. 163, 274].

## DISCUSSION

Virtually none of the debtor's filings comply with Bankruptcy Rule 9013, which requires that requests "state with particularity the grounds therefor, and shall set forth the relief or order sought."  *See* Fed. R. Bankr. P. 9013; *see also* Fed. R. of Bankr. P. 7008 (incorporating Rule 8(a)(2) into bankruptcy proceedings and requiring pleadings to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief").[9]  Although the debtor is representing herself in this bankruptcy case, and this Court therefore must liberally construe any claims made in her filings, the Court is not the debtor's advocate and must not review her papers

---

226]; *see also Mandatory Judicial Notice of Estoppel Response to Terminate (I) Omnibus Objection to Certain Pleadings and (II) Motion for Sanctions Against Debtor, Michael Seebeck, Abdul Hakeem Ali, and Peri Similien LLC, Including Imposition of Prefiling Injunction and Notice of Trademark Infringement* [ECF No. 231]; *Emergency Notice to Attend the January 11, 2024 Hearing Via Zoom Video* [ECF No. 242].

[8] *See supra* notes 2, 6.

[9] Many of the papers of record also transgress Bankruptcy Rule 9011.  The Court notes that substantially contemporaneously herewith, the Court will issue a ruling dealing with one such paper filed by the debtor, which will appear on the docket of this case as *Memorandum Order Granting, in Part, and Denying, in Part, Chapter 7 Trustee's: (I) Omnibus Objection to Certain Pleadings and (II) Motion for Sanctions Against Debtor, Michael Seebeck, Abdul Hakeem Ali, and Peri Similien LLC, Including Imposition of Prefiling Injunction [ECF No. 201]*.  That ruling addresses violations of Bankruptcy Rule 9011 by the debtor and the debtor's surrogates.

7

for the strongest argument or most successful strategies. *See U.S. v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view . . . pro se filings does not transform the court into an advocate.'") (cleaned up); *see also Ferebee v. Sally Beauty Supply Store*, 2019 WL 1317333, at *1 (D. Md. Mar. 21, 2019) ("A court, when reviewing *pro se* complaints, must not abdicate its 'legitimate advisory role' to become an 'advocate seeking out the strongest arguments and most successful strategies for a party.'") (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

      Where the Court has been able to decipher the relief requested by the debtor, it has "construed" the debtor's papers accordingly (such as treating motions to dismiss other motions as oppositions). *See, e.g.*, [ECF No. 151]. More often, the Court has been unable to determine what relief is sought by the debtor's papers, which frequently list dozens of conclusory violations of civil and criminal laws, quote Latin phrases, reference biblical passages, and attach copies of the United States Constitution and the Bill of Rights. *See supra* notes 2, 6. The most troubling of the debtor's filings, however, are those that appear to have been filed to either harass, intimidate, or possibly even extort one or more of the Targeted Parties. These filings have been and will continue to be stricken by this Court.[10] *See U.S. v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017) ("It is well-settled that 'courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities.'") (quoting *Degen v. U.S.*, 517 U.S. 820, 823 (1996)); *U.S. v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) ("Inherent powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R.R. Co.,* 370 U.S.

---

[10] *See supra* note 2.

626, 630–31 (1962)); *Thomas v. Meyer*, 2023 WL 2088416, at *6 (E.D. Va. Feb. 17, 2023) (a court has the inherent power, in appropriate circumstances, to strike items from the docket as a sanction for litigation conduct, to impose restrictions on filings, and even to go as far as dismiss entire actions); *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) (upholding, as "an appropriate sanction," an order striking surplus pages of filing that exceeded page limitation); *U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("Under the inherent power, a court may issue orders, punish for contempt, vacate judgments obtained by fraud, conduct investigations as necessary to exercise the power, bar persons from the courtroom, assess attorney's fees, and dismiss actions."); *see also Arnold v. CitiMortgage, Inc.*, 578 F. Supp. 2d 801, 803 (D. Md. 2008) ("[F]ederal courts have the power and obligation to protect themselves from abusive filing of frivolous and repetitive claims.") (quoting *McMahon v. F & M Bank-Winchester*, 45 F.3d 426 (4th Cir. 1994)).

The debtor is reminded that she has duties under the Bankruptcy Code. *See* 11 U.S.C. § 521. The debtor repeatedly refuses to cooperate with the Chapter 7 Trustee, and repeatedly appears to take issue with actions taken by the Chapter 7 Trustee that derive from his duty to expeditiously administer and liquidate the bankruptcy estate as it pertains to the debtor's real property, including in instances where she has appealed adverse rulings but sought no stay pending appeal.[11] The Chapter 7 Trustee is the representative of the debtor's bankruptcy estate and has his own duties under the Bankruptcy Code, including the expeditious administration and liquidation of that estate. *See* 11 U.S.C. § 323; *see also* 11 U.S.C. § 704; *In re Hutchinson*, 5

---

[11] On December 6, 2023, the Chapter 7 Trustee filed the *Chapter 7 Trustee's: (I) Omnibus Objection to Certain Pleadings and (II) Motion for Sanctions Against Debtor, Michael Seebeck, Abdul Hakeem Ali, and Peri Similien LLC, Including Imposition of Prefiling Injunction* [ECF No. 201], which was heard by this Court on January 11, 2024. As previously mentioned, substantially contemporaneously with this Opinion, the Court will issue its *Memorandum Order granting, in part, and denying, in part, the Chapter 7 Trustee's: (I) Omnibus Objection to Certain Pleadings and (II) Motion for Sanctions Against Debtor, Michael Seebeck, Abdul Hakeem Ali, and Peri Similien LLC, Including Imposition of Prefiling Injunction*.

F.3d 750, 753–54 (4th Cir. 1993) ("The duty to close the estate expeditiously is the trustee's main duty, and overriding responsibility. In order to close an estate expeditiously, a bankruptcy trustee must expeditiously perform each task necessary to close the estate, including the liquidation of the estate.") (cleaned up); *see also* 3 COLLIER ON BANKRUPTCY ¶¶ 323.01, 323.02 (16th 2023) (Section 323(a) "gives the trustee full authority to represent the estate and to dispose of the debtor's nonexempt property that makes up the estate.").

## CONCLUSION

Upon consideration of the "*Mandatory Judicial Notice of Law Primary Contract*," and for the reasons set forth in this Opinion, the Court will strike the "*Mandatory Judicial Notice of Law Primary Contract*" [ECF No. 272] from the official record of the instant case.

A separate order will follow.

cc:

BGE
P.O. Box 13070
Philadelphia, PA 19101-3070

Discover Bank Discover Products Inc.
P.O. Box 3025
New Albany, OH 43054-3025

Federal Loan Service
P.O. Box 60610
Harrisburg, PA 17106-0610

Jovia Financial FCU
1000 Corporate Drive
Westbury, NY 11590-6648

The Circuit Court for
Howard County, MD
9250 Judicial Way
Ellicott City, MD 21043-6163

Bernard Pelgrim II
c/o Christopher S. Young, Esq.
Business and Technology Group
6310 Hillside Court, Suite 160
Columbia, MD 21046-1081

America Honda Finance
600 Kelly Way
Holyoke, MA 01040-9681

American Express National Bank
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Quantum3 Group LLC as
agent for Crown Asset
Management LLC
P.O. Box 788
Kirkland, WA 98083-0788

Comptroller of Maryland
Bankruptcy Unit
301 W. Preston St., Room 409
Baltimore, MD 21201-2383

State Farm Payment Plan
P.O. Box 52265
Phoenix, AZ 85072-2265

Golden Tree
P.O. Box 82522
Lincoln, NE 68501-2522

Express/Comenity Bank
P.O. Box 182789
Columbus, OH 43218-2789

Oxford Square Master Association
c/o Associa Community Management Corporation
P.O. Box 61148
Phoenix, AZ 85082-1148

GS2 Grantor Trust 2016-A
P.O. Box 82522
Lincoln, NE 68501-2522

Spring Dale and Folly Bridge at
Oxford Square, HOA
c/o Associa Community Management Corporation
P.O. Box 61148
Phoenix, AZ 85082-1148

M&T Bank
Legal Document Processing
626 Commerce Drive
Amherst, NY 14228-2307

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2226

S&W Investments, LLC
c/o Stacy S. Pickett, Esq.
P.O. Box 590
Prince Frederick, MD 20678-0590

Verizon My Verizon
P.O. Box 660108
Dallas, TX 75266-0108

Student Loan Corp.
P.O. Box 30948
Salt Lake City, UT 84130-0948

Kristin Ann Tkach Pelgrim
P.O. Box 529
Jessup, MD 20794-0529

Verizon
P.O. Box 15124
Albany, NY 12212-5124

Brent C. Strickland
111 Rockville Pike, Suite 800
Rockville, MD 20850

Charles R. Goldstein
111 S. Calvert Street, Suite 1400
Baltimore, MD 21202-6127

Michael E. Seebeck

11

American Express  UST
P.O. Box 297871
Fort Lauderdale, FL 33329-7871

Anne Arundel County Office of Law
Attn: Margaret V. Dall'Acqua
2660 Riva Road, 4th Floor
Annapolis, MD 21401-7180

Discover Financial Services LLC
P.O. Box 3025
New Albany, OH 43054-3025

Firstmark/SLF
121 S. 13th Street, 201
Lincoln, NE 68508-1911

**END OF OPINION**