IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KRISTIN ANN TKACH PELGRIM,** | |
| Appellant, | |
| v. | Civil No. 1:24-cv-00243-JRR |
| **CHARLES GOLDSTEIN,** | Bankruptcy Case No. 23-12670 |
| Appellee. | |

**MEMORANDUM OPINION**

Appellant Kristin Ann Tkach Pelgrim is a debtor in a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Maryland. Bankr. Case No. 23-12670. On January 24, 2024, Appellant filed an appeal from ten separate orders of the Bankruptcy Court. (ECF No. 1; "the Appeal.") On July 18, 2024, Appellant filed a "Non-Statutory Motion to Consolate [sic] With Conflicts of Laws Appearing on the Record." (ECF No. 7; "the Motion.") For the reasons set forth herein, by accompanying order, the Appeal will be dismissed, and the Motion will be denied as moot.

Federal Rule of Bankruptcy Procedure 8009(a)(1)(A) provides that an appellant in a bankruptcy case "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Pursuant to Rule 8009(a)(1)(B), "[t]he appellant must file and serve the designation and statement within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." FED. R. BANKR. P. 8009(a)(1)(B). The court may, upon motion of the appellee or upon its own initiative, "dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the

non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." Local Rule 404.2 (D. Md. 2023).

The Notice of Appeal in this case was docketed on January 24, 2024. (ECF No. 1.) Accordingly, Appellant was required to file a designation and statement by February 7, 2024. Appellant did not file a designation and statement. On June 18, 2024, the court issued a show cause order, notifying Appellant of the deficiencies (failure to designate the record and file a statement of the issues). (ECF No. 4.) The court informed Appellant that she had 21 days to show cause why the Appeal should not be dismissed. *Id.* On July 10, 2024, Appellant filed a response to the show cause order. (ECF No. 5.) Appellant's response did not address the non-compliance with the stated rules, and Appellant did not file a designation and statement in accordance with Bankruptcy Rule 8009. On July 18, 2024, the court issued a second show cause order, notifying Appellant of the deficiencies and allowing Appellant 14 days to show cause why the Appeal should not be dismissed for failure to comply with the stated rules. (ECF No. 6.) The court further warned Appellant that failure to do so could result in dismissal of the Appeal. *Id.* To date, no party has responded.

In *Cofield v. Williams*, this court succinctly explained:

> A district court may, *sua sponte*, dismiss an appeal from an order of a bankruptcy court based on the appellant's non-compliance with a procedural requirement of the Bankruptcy Rules, but only after deliberate consideration of the factors identified in the case of *In re Serra Builders*, 970 F.2d 1309 (4th Cir. 1992). There, the Fourth Circuit said, *id.* at 1311:
>
>> [T]he district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

2

But, "taking just one of the four steps is not sufficient . . . ." *Reid v. Cohen*, PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 4, 2020) (citing *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997)). Indeed, "giving the appellant notice and an opportunity to explain the delay, does not by itself suffice to dismiss an appeal." *In re Weiss*, 111 F.3d at 1173. Rather, the Fourth Circuit explained in *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995):

> [A] proper application of [this] test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (see step one) and possible prejudice to other parties (see step three). Finally, throughout the process, a district court should bear in mind that although dismissal is an option, less drastic alternatives must be considered.

> The case of *In re Serra Builders*, 970 F.2d 1309, arose in the context of a dismissal for appellant's failure to file a timely appellate brief. Nonetheless, judges of this Court have used a similar analysis to determine whether an appellant's failure to file a designation of the record on appeal warrants dismissal of a bankruptcy appeal. *See, e.g., Reid*, 2020 WL 886181, at **2-3 (D. Md. Feb. 24, 2020); *Bird v. Specialized Loan Servicing, LLC*, RDB-16-3743, 2017 WL 1001257, at *5 (D. Md. Mar. 15, 2017); *Slavinsky v. Educ. Credit Mgmt. Corp.*, 362 B.R. 677, 678-79 (D. Md. 2007).

No. CV ELH-21-1070, 2022 WL 195492, at *6 (D. Md. Jan. 21, 2022).

Here, all four factors weigh in favor of dismissal. With respect to the first factor, the court may consider an appellant's "overall behavior . . . throughout the procedure," including "failure to explain satisfactorily her non-filing of a brief after the district court gave her an opportunity to do so." *In re Weiss,* 111 F.3d 1159, 1173 (4th Cir. 1997). Here, Appellant's failure to offer any explanation for her continued failure to comply with the procedural requirements of the Appeal evinces bad faith or negligence on Appellant's part. *See In re Weiss,* 111 F.3d 1159, 1173 (4th Cir. 1997) ("Bad faith [is] inferable from the overall behavior of the [appellants] throughout the procedure."); *In re Grice*, No. 13-50689, 2015 WL 11112155, at *2 (E.D. Va. Nov. 12, 2015),

3

*aff'd*, 654 F. App'x 589 (4th Cir. 2016) ("First, the court finds that Appellant's continued failure to act, despite the warnings and deadline extensions provided by the court, evidences either bad faith or negligence."); *Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (finding bad faith where the appellants "have not met multiple procedural deadlines for this appeal, which leads me to believe that this appeal is also an effort to delay the inevitable"). In addition, Appellant is well versed in appealing orders from the Bankruptcy Court; her litigation history in Bankruptcy Court makes clear that she is, or should be, aware of the procedural requirements applicable to her proceeding. *See Cofield*, 2022 WL 195492, at *7 (considering the appellant's extensive litigation history in Bankruptcy Court to highlight that appellant either was or should have been aware of the procedural requirements of bankruptcy proceedings). Appellant's response to the court's first show cause order (described above) amounted to a series of immaterial legal and political arguments and grievances. (ECF No. 5.) Appellant has failed to designate items to be included in the record on appeal and has provided no statement of the issues presented as required by Rule 8009(A)(1)(A).

As to the second *Serra Builders* factor, the court issued two show cause orders and gave Appellant ample notice and opportunity to designate the record on appeal. As stated above, Appellant failed to address her rule noncompliance and still has not filed a designation and statement in accordance with Bankruptcy Rule 8009. Appellant fails to provide a "compelling reason for the delay in either the filing of their designation of the record or the filing of their appellate brief." *Reid*, 2020 WL 886181, at *3. Indeed, no reason is provided at all.

In regard to the third consideration of possible prejudicial effect on other parties, Appellant was required to file a designation of the record six months ago. *See Cofield*, 2022 WL 195492, at *7 ("Regarding the third stage of the inquiry, it has been eight months since the expiration of the

4

deadline for appellants to file a designation of the record on appeal."). Such a delay "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *McDaniel v. Fed. Nat. Mortg. Ass'n*, RWT-14-626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015) (citation omitted). In addition, excessive delays impair Bankruptcy Trustees' disposition of estate assets. *Andresen v. Rosen,* No. PJM-05-3164, 2006 WL 4550187, at *3 (D. Md. Sept. 26, 2006); *see In re Weiss,* 111 F.3d at 1173 (noting that delay "prejudiced the debtors and creditors of the bankrupt estate").

In view of Appellant's excessive delay and failures to respond (or comply) with the court's show cause orders, "a less severe sanction, such as additional correspondence or further extension of the deadline for filing a brief, would be insufficient." *Brandeen v. Liebmann*, No. BR 15-24248-JS, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017); *see Cofield*, 2022 WL 195492, at *7 ("[W]ith respect to the impact of dismissal, I am persuaded that no available alternative remedy is appropriate in this case, where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation.") (citations omitted); *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. GJH-21-1184, 2022 WL 861395, at *4 (D. Md. Mar. 23, 2022), *aff'd sub nom. Kelly v. McNamee, Hosea, Jernigan, Green & Lynch, P.A.*, No. 22-1378, 2023 WL 5524036 (4th Cir. Aug. 28, 2023) ("[G]iven that Appellants have wholly failed to designate the record (or file an appeal brief) as required under the Federal Rules of Bankruptcy Procedure, this Court is persuaded that a less severe sanction would be futile here, where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation.") (citations omitted)); *Bhagani v. Doyle,* No. CA 2:13-53-DCN-BHH, 2013 WL 1205864, at *2 (D.S.C. Mar. 1, 2013), *report and recommendation approved*, No. 2:13-CV-53 DCN, 2013 WL 1205724 (D.S.C. Mar. 25, 2013) ("Appellant's failure to follow the procedural

5

rules in this appeal burdens the court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice.").

The court recognizes that dismissal is severe and has considered the availability of alternative avenues to avoid such a severe result if reasonably practicable. Considering all the *Serra Builders* factors, including notably the several opportunities and extensive duration of time during which Appellant was given a fulsome opportunity to comply with the applicable rules described above, dismissal is proper. *See Kelly*, 2022 WL 861395, at *4 ("Although the Court is mindful that a dismissal is a 'harsh sanction which the district court must not impose lightly,' *In re Serra Builders, Inc.*, 970 F.2d at 1311, it is, nonetheless, appropriate in this case where Appellants' 'overall objective appears largely to defer rather than reach meaningful resolution on the merits.'") (quoting *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 8:18-CV-03460-PX, 2020 WL 758151, at *3 (D. Md. Feb. 14, 2020)).

For the reasons set forth herein, by separate order, the Appeal will be dismissed pursuant to Bankruptcy Rule 8009(a) and Local Rule 404.2; and the Motion will be denied as moot.

October 3, 2024

/S/
_____
Julie R. Rubin
United States District Judge